**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:05cr299** |
| | : | **No. 3:16cv1218** |
| **v.** | : | |
| | : | **(Judge Munley)** |
| **AARON CAMACHO-VILLARREAL,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the court is Defendant Aaron Camacho-Villarreal's (hereinafter "defendant") second motion filed under 28 U.S.C. § 2255 (hereinafter "section 2255") to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 111). Because the defendant has not obtained the required certification from the Third Circuit Court of Appeals before filing a second section 2255 motion, we lack jurisdiction over the instant motion, and the motion will be dismissed.

**Background**

On October 3, 2005, the defendant appeared before Judge William J. Nealon and pled guilty to, *inter alia*, conspiring to distribute more than fifty (50) grams of crack cocaine and one (1) kilogram of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 49). Judge Nealon sentenced the defendant to 188 months imprisonment. (Doc. 60, Judgment). The defendant appealed his conviction to the Third Circuit Court of Appeals. (Doc. 61, Notice of Appeal). The Third Circuit

dismissed the defendant's appeal for lack of jurisdiction on May 8, 2006, noting the defendant's plea agreement contained an appeal waiver.  (Doc. 74).

The defendant next filed a motion to vacate, set aside, or correct sentence pursuant to section 2255 and a supporting brief on January 23, 2007.  (Doc. 80).  In the motion, defendant asserted that his conviction violated his constitutional right to effective assistance of counsel.  (Id. at 10-11).  On May 22, 2007, Judge Nealon denied defendant's section 2255 motion.  (Doc. 86).

On June 20, 2016, the defendant filed a second section 2255 motion, asserting that the recent United States Supreme Court case of Johnson v. United States, 135 S. Ct. 2551 (2015), renders his sentence unconstitutional.  On June 21, 2016, the court issued Standing Order 15-6, which provides that the Federal Public Defender for the Middle District of Pennsylvania (hereinafter "FPD") is "appointed to represent all criminal defendants who were previously sentenced in the Middle District of Pennsylvania **who may be eligible** to seek a reduced sentence based upon the applicability of Johnson."  (Doc. 112) (emphasis added).

The FPD filed a motion to withdraw as counsel on July 1, 2016. (Doc. 95).  The FPD's motion indicates that the defendant "was a career

2

offender based on an instant controlled substance offense and at least two

prior convictions for controlled substance offenses", and therefore, the

defendant is not entitled to relief under Johnson.  (Id. ¶ 6).  The court

granted the FPD's motion to withdraw on August 9, 2016.  (Doc. 117).  The

Clerk of Court reassigned this matter to the undersigned on October 4,

2016, bringing the case to its present posture.

**Discussion**

Before the court is defendant's second section 2255 motion.  Under

28 U.S.C. § 2255(h), a defendant must obtain a certificate of appealability

from the court of appeals authorizing the filing of a second or successive

section 2255 motion.[1]  This provision functions as a "gatekeeping"

mechanism.  Felker v. Turpin, 518 U.S. 651, 657 (1996).  "Unless the court

---

[1]  28 U.S.C. § 2255(h) provides as follows:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

of appeals grants such permission, the district court may not consider the second or successive petition." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  The district court may either dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631, which provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."  28 U.S.C. § 1631.

Here, the instant motion is defendant's second section 2255 motion. Thus, federal law requires the defendant to obtain the required certification from the Third Circuit Court of Appeals before filing.  A review of the record, however, reveals that the defendant has not obtained permission from the Third Circuit before filing his second  section 2255 motion. Because he did not receive the required permission, we lack jurisdiction over defendant's claims and the motion will be dismissed.  Robinson, 313 F.3d at 139.

As previously stated, we could determine that the interests of justice are served by transferring this motion to the Third Circuit Court of Appeals under 28 U.S.C. § 1631.  We will decline to transfer the instant petition, however, as we find that it fails on the merits.

In his section 2255 motion, the defendant argues his sentence is

4

unconstitutional under the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court noted that the Armed Career Criminal Act (hereinafter "ACCA"), 18 U.S.C. § 924(e)(1), increases a defendant's prison term if the defendant has three or more earlier convictions for a "serious drug offense" or a "violent felony." 135 S. Ct. at 2555.  The ACCA defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**[.]

Johnson, 135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis in the original).  The latter part of section 18 U.S.C. 924(e)(2)(B)(ii) is commonly referred to as the "ACCA's residual clause." The Supreme Court concluded that the ACCA's residual clause violates the Constitution's guarantee of due process under the Fifth Amendment. Id. at 2563.

Defendant argues that the Supreme Court's holding in Johnson, that the ACCA's residual clause is unconstitutional, similarly renders the Career Offender Guidelines' residual clause unconstitutional.  The Third Circuit

5

Court of Appeals recently determined this very issue, that <u>Johnson</u>'s holding–the ACCA's residual clause, 18 U.S.C. § 924(e)(1), is unconstitutional as void for vagueness under the fifth Amendment's Due Process Clause–applies to the identically-worded Career Offender Guidelines' residual clause.  <u>United States v. Calabretta</u>, –F.3d–, 2016 WL 3997215, at *4 (3d Cir. July 26, 2016); <u>United States v. Cabrera</u>, –F. App'x–, 2016 WL 4375623, at *4 (3d Cir. Aug. 17, 2016).  Thus, the Career Offender Guidelines' residual clause is unconstitutional as void for vagueness.  <u>Id.</u>

The defendant's status as a career offender, however, is based on three prior "controlled substance offenses," not "crimes of violence" stated in the Career Offender Guidelines' residual clause.  The U.S.S.G. defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2.[2] The defendant's prior controlled substance convictions are:

---

[2]  Cocaine, heroin, and marijuana are controlled substances under the Controlled Substances Act.  21 U.S.C. §§ 802(6), 812.

1.  Conviction on June 21, 1996, in California for the possession for sale of a controlled substance, to wit possessing 87 grams of cocaine, 22 grams of heroin, and 203 grams of marijuana, in violation of CAL. HEALTH & SAFETY CODE § 11351;

2.  Conviction on February 2, 1999, in California for the possession for sale of a controlled substance, to wit possessing 5.78 grams of cocaine, 1.15 grams of heroin, and 3 grams of marijuana, in violation of CAL. HEALTH & SAFETY CODE § 11351; and

3.  Conviction on February 5, 2002, in California for the possession for sale of a controlled substance, to wit possessing 9 ounces of cocaine, in violation of CAL. HEALTH & SAFETY CODE § 11351.

(Presentence Investigation Report ¶¶ 54-56).

Under California law, possession with the intent to distribute these controlled substances is a felony punishable by imprisonment for a term exceeding one year.  CAL. HEALTH & SAFETY CODE § 11351.  Additionally, the defendant's October 3, 2005 federal drug conviction is a crime punishable by a term of imprisonment exceeding one year.  21 U.S.C. § 841 (b).  Therefore, defendant's drug convictions are "controlled substance offenses" that properly serve as predicate offenses for the classification of defendant as a career offender pursuant to U.S.S.G. § 4B1.1.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final

7

order in a proceeding under 28 U.S.C. § 2255.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  A prisoner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner [demonstrates], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

Here, jurists of reason would not find the procedural disposition of this case debatable, because the defendant failed to obtain the required certification from the Third Circuit Court of Appeals before filing the instant second section 2255 motion.  Moreover, jurists of reason would not disagree with our resolution of the defendant's constitutional claims.  The

8

defendant's status as a career offender is based on his federal and state

controlled substance convictions, not convictions for crimes of violence.

Stated differently, the defendant's drug convictions are "controlled

substance offenses" that properly serve as predicate offenses for the

classification of defendant as a career offender pursuant to

U.S.S.G. § 4B1.1.  Thus, the defendant is not entitled to relief under

Johnson and no COA will issue.[3]

**Conclusion**

For the above-stated reasons, the court will dismiss defendant's

second  2255 motion.  An appropriate order follows.

**Date:   10/27/2016**              **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**

---

[3]  The court's denial of a COA does not prevent the defendant from appealing the order denying his section 2255 motion so long as he seeks, and obtains, a COA from the Third Circuit Court of Appeals.  See FED. R. APP. P. 22(b)(1), (2).